UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

Adel Kellel,

                 Debtor.
------------------------------------------------------------X
Allan B. Mendelsohn, as Trustee of the
Estate of Adel Kellel,

                 Plaintiff,

    against

Elizabeth M. Sierra,

                 Defendant.
------------------------------------------------------------X

Chapter 7

Case No.: 8-18-76679-las

Adv. Pro. No.: 8-18-08163-las

MEMORANDUM DECISION AND ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Allan B. Mendelsohn, Esq., as chapter 7 trustee of the bankruptcy estate of

Adel Kellel ("debtor"), commenced this adversary proceeding against defendant Elizabeth M.

Sierra seeking to avoid and recover for the benefit of debtor's bankruptcy estate the value of

real property conveyed prepetition by debtor to defendant. [*See* Compl. Dkt. No. 1].

Specifically, plaintiff asserts actual and constructive fraudulent transfer causes of action

under 11 U.S.C. §§ 544(b) and 550(a)(1)[1] and New York Debtor and Creditor Law §§ 273, 275,

276, and 278.[2] Plaintiff also seeks to recover attorneys' fees from defendant pursuant to

NYDCL § 276-a. In addition, plaintiff asserts a claim against defendant for turnover under

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)".

[2] All statutory references to New York Debtor and Creditor Law will hereinafter be referred to as "NYDCL § (section number)". Article 10 (§§ 270-281) of the NYDCL is New York's codification of the Uniform Fraudulent Conveyance Act ("NY UFCA"). The NY UFCA governs transfers made, or obligations incurred, before April 4, 2020. The New York Uniform Voidable Transactions Act which replaced the NY UFCA became effective on April 4, 2020 and applies to transfers made, or obligations incurred, on and after April 4, 2020. Here, the challenged transfer occurred in 2013 and is thus governed by the NY UFCA.

§ 542 and an unjust enrichment claim against defendant for her receipt of the real property transfer at issue.

Before the Court is defendant's motion pursuant to Rule 56(a) of the Federal Rules of Civil Procedure[3] ("Fed. R. Civ. P.") for summary judgment dismissing plaintiff's claims. [Dkt. No. 26]. Plaintiff opposed that motion [Dkt. No. 27], and defendant replied [Dkt. No. 28].

The Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012.

The Court has carefully considered the arguments and submissions of the parties and, for the following reasons, denies defendant's motion for summary judgment.

## BACKGROUND

Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on October 3, 2018. Plaintiff was thereafter appointed chapter 7 trustee of debtor's bankruptcy estate.

A.  Facts Pertinent to Resolution of the Motion

The following facts are taken from the parties' respective statements pursuant to Local Bankruptcy Rule 7056-1 [Dkt. Nos. 26-7, 27] and related submissions [Dkt. Nos. 26, 27, and 28], and are undisputed, unless otherwise noted.

Defendant and debtor are married. They have been legally separated since February 2012. On or about January 3, 2013, debtor executed a deed transferring real property located at 29 West Avenue, Lawrence, New York ("Real Property") to defendant. The parties dispute whether the Real Property was transferred with defendant's knowledge. At the time of the

---

[3] Fed. R. Civ. P. 56 is made applicable to this adversary proceeding by Rule 7056 of the Federal Riles of Bankruptcy Procedure ("Bankruptcy Rules").

transfer, the Real Property was encumbered by a judgment lien in the amount of $433,907.97. On or about October 28, 2012, the Real Property was flooded and damaged by Superstorm Sandy and needed extensive repair.

The Real Property was sold at a tax foreclosure sale on June 1, 2017 by referee deed for $76,000. Pursuant to the Nassau County land records, the Real Property had a market value of $177,000.00 as of January 2, 2019.

B.  The Parties' Positions

Defendant contends that she is entitled to summary judgment on all causes of action because the record is devoid of any evidence of an agreement between, or intention by, debtor and defendant to hinder, delay or defraud any creditor. In the main, defendant argues that that she did not possess the requisite intent to support an actual fraudulent transfer claim under NYDCL § 276 and that she was unaware of the challenged transfer until she received letters relating to real property taxes approximately two years ago. In addition, defendant contends that plaintiff's claims do not satisfy the "badges of fraud" analysis for actual fraud because the Real Property had little to no value at the time of the transfer and, in fact, had negative equity. Defendant points out that the Real Property was encumbered by a judgment lien in the amount of $433,907.98, damaged by Superstorm Sandy and in need of extensive repairs, sold at a tax foreclosure sale for $76,000, and listed in the Nassau County land records as having a fair market value of $177,000 as of January 2019. Defendant claims she received nothing of value by reason of the transfer and thus did not derive any benefit from the transfer.

In her summary judgment motion, defendant did not address plaintiff's constructive fraudulent transfer claim, including the relevant issues as to whether (i) debtor was insolvent at the time of the transfer or rendered insolvent by the transfer and (ii) the transfer was made without fair consideration. Nor did defendant take issue with plaintiff's request for a

turnover.[4] Rather, as noted above, defendant moves for summary judgment dismissing all counts of the complaint on the basis that she did not have actual intent to hinder, delay, or defraud any of her or debtor's creditors and did not benefit by the transfer.

In opposing summary judgment, plaintiff emphasizes that, for purposes of determining whether the challenged transfer was made with actual intent to hinder, delay, or defraud creditors, it is the debtor's intent as transferor that is outcome determinative and not that of defendant as transferee. Further, plaintiff argues that the absence of any express agreement between debtor and defendant relating to the transfer of the Real Property is likewise not outcome determinative as the central issue on the intentionally fraudulent transfer claim is whether debtor acted with an intent to hinder, delay, or defraud his creditors. Additionally, plaintiff points out that defendant's insistence that she was unaware of the transfer is belied by the factual record, which indicates that consideration for the transfer aggregated $50,000. Although plaintiff argues that fair consideration was not exchanged for the transfer and seeks recovery from defendant under § 550 of $214,000, there is nothing in the factual record to support the assertion that the Real Property had a value of $214,000 at any point in time.

### DISCUSSION

A.  Summary Judgment Standard

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)

---

[4] As to plaintiff's cause of action directing a turnover, the Court observes that the compliant alleges that "[d]efendant, with the assistance of [d]ebtor, continues to remain in possession and control of the Real Property, …." [*See* Compl. ¶ 58]. The parties agreed that the Real Property was sold at a tax foreclosure sale on June 1, 2017. [Dkt. Nos. 26-7, 27]. Thus, there is nothing in the factual record to support any assertion that defendant is now in possession of the Real Property. As noted, plaintiff seeks to recover the value of the Real Property under § 550. [*See* Compl. ¶¶ 66-68].

("[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'") (quoting former Fed. R. Civ. P. 56(c)). A fact is considered material if it "might affect the outcome of the suit under the governing law," and a genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to any material fact. *Celotex*, 477 U.S. at 322-23. If the moving party meets this initial burden, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting former Fed. R. Civ. P. 56(e)). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "mere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)). Thus, to meet its burden, the opposing party must offer more than a "scintilla of evidence" that a genuine dispute of material fact exists, *Anderson*, 477 U.S. at 252, or that there is some "metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586. It must present "significant probative evidence" that a genuine dispute as to a material fact exists. *Anderson*, 477 U.S. at 249 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

On a motion for summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). The Court is not "to

weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Ed.*, 444 F.3d 158, 162 (2d Cir. 2006), *cert. denied*, 549 U.S. 953 (2006) (quoting *Anderson*, 477 U.S. at 249). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005) (citation omitted).

B.  Fraudulent Conveyance under NYDCL §§ 273 et seq.

Section 544(b)(1) authorizes a trustee to "avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim." 11 U.S.C. § 544(b)(1). The parties do not dispute that in this action the "applicable law" for purposes of § 544(b) is the NYDCL, and that the action was timely commenced under § 546(a). "[A]s long as the statute of limitations has not expired as of the petition date, a trustee is permitted to bring New York fraudulent conveyance actions looking back six years from the [petition date] in accordance with section 544(b) at *any* point during the two-year period set out in section 546(a)." *Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 454 B.R. 317, 337 (Bankr. S.D.N.Y. 2011). Pursuant to § 550(a), "to the extent that a transfer is avoided under section 544 . . . the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a).

A conveyance by a debtor may be avoided as constructively fraudulent if made without fair consideration under NYDCL § 272 and one of the following additional elements has been established: (i) the debtor was insolvent or was thereby rendered insolvent, N.Y. DEBT. & CRED. LAW § 273; (ii) the debtor was left with unreasonably small capital to conduct business or enter into a contemplated transaction, N.Y. DEBT. & CRED. LAW § 274; or (iii) the debtor

intended or believed it would incur debts beyond its ability to pay such debts as they matured, N.Y. DEBT. & CRED. LAW § 275. *See Sharp Int'l Corp. v. State Street Bank and Trust Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 53-54 (2d Cir. 2005); *Liberty Mutual Ins. Co. v. Horizon Bus Co.*, No. CV 10–0449(JS)(WDW), 2011 WL 1131098, at *5 (E.D.N.Y. Feb. 22, 2011). Under NYDCL §§ 273-275, "a transfer made without fair consideration constitutes a fraudulent conveyance, regardless of the intent of the transferor." *Sharp*, 403 F.3d at 53 (quoting *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 633 (2d Cir. 1995)).

By contrast, a claim under NYDCL § 276 focuses on fraudulent intent as opposed to whether there was fair consideration exchanged with respect to a transfer. N.Y. DEBT. & CRED. LAW § 276. Section 276 provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." N.Y. DEBT. & CRED. LAW § 276. To prevail on his claim of actual fraud, plaintiff must prove by clear and convincing evidence that the transfer was made by debtor with actual intent to hinder, delay, or defraud. *United States v. McCombs*, 30 F.3d 310, 328 (2d Cir. 1994); *Mendelsohn v. Jacobowitz (In re Jacobs)*, 394 B.R. 646, 661 (Bankr. E.D.N.Y. 2008). Under NYDCL § 276, it is the intent of the transferor, and not of the transferee, that is dispositive. *HBE Leasing Corp. v. Frank*, 61 F.3d 1054, 1059 n.5 (2d Cir. 1995). "[W]here actual intent to defraud creditors is proven, the conveyance will be set aside regardless of the adequacy of the consideration given." *McCombs*, 30 F.3d at 328. Because intent is rarely shown by direct evidence, courts turn to one or more of the recognized "badges of fraud" to support an inference of intent. *Sharp*, 403 F.3d at 56; *HBE Leasing Corp.*, 48 F.3d at 639. These badges of fraud include:

(1) the lack of or inadequacy of consideration;

> (2) the family, friendship or close associate relationship
> between the parties;
> (3) the retention of possession, benefit or use of the property in
> question;
> (4) the financial condition of the party sought to be charged
> both before and after the transaction in question;
> (5) the existence or cumulative effect of a pattern or series of
> transactions or course of conduct after the incurring of debt,
> onset of financial difficulties, or pendency or threat of suits by
> creditors; and
> (6) the general chronology of the events and transactions under
> inquiry.

*Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574, 1582-83 (2d Cir. 1983). A showing of multiple badges of fraud can establish clear and convincing evidence of actual intent. *Kramer v. Sooklall (In re Singh)*, 434 B.R. 298, 312 (Bankr. E.D.N.Y. 2010) (citation omitted).

 Plaintiff has also made a demand for attorneys' fees under NYDCL § 276-a. Section 276-a provides for recovery of attorneys' fees if a "conveyance is found to have been made by the debtor and received by the transferee with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud present or future creditors." N.Y. DEBT. & CRED. LAW § 276-a. Under NYDCL §276-a, to prevail on a claim for attorneys' fees, plaintiff must establish actual intent by both the transferor and the transferee. *Gowan v. Patriot Group, LLC (In re Dreier LLP)*, 452 B.R. 391, 433 (Bankr. S.D.N.Y. 2011).

Defendant argues that the undisputed facts would not permit this Court to find that the transfer of the Real Property was an intentional or constructively fraudulent transfer because the factual record does not support a finding of actual intent on the part of defendant. This failure, defendant argues, entitles it now to prevail on the merits because plaintiff has failed to adduce competent evidence of defendant's intent. The Court disagrees for the following reasons.

First, intent to hinder, delay, or defraud creditors on the part of the transferee is not relevant to a determination of whether a transfer of property is constructively fraudulent as

to a debtor's creditors under NYDCL §§ 273 and 275.[5] *Sharp*, 403 F.3d at 43. Rather, the focus here is on whether debtor (i) made a transfer to defendant when he was insolvent or was rendered insolvent or intended or believed that he would incur debts beyond his ability to pay as they mature, and (ii) received less than fair consideration in exchange for the transfer. The question of defendant's good faith or intent is not material to plaintiff's claim that the transfer of the Real Property must be avoided as a constructively fraudulent transfer. In short, to prevail on his constructively fraudulent transfer claim, plaintiff must establish that the transfer was made without fair consideration and that one of the elements concerning the financial condition of debtor existed at the time of the transfer. Intent is not a factor and a wholly innocent transfer may be set aside under the applicable provisions of the NYDCL. Accordingly, defendant's claim that the factual record is devoid of evidence of an express agreement between, or any intention by, the debtor and defendant to hinder, delay, or defraud creditors of the debtor does not carry the day and, on that basis, defendant is not entitled to summary judgment with respect to plaintiff's constructively fraudulent transfer cause of action.

Second, the parties dispute whether fair consideration was given in exchange for the transfer of the Real Property by debtor to defendant, and the summary judgment record lacks any competent evidence of the value of the Real Property at the time of the transfer. The only references to value are the price that the Real Property was sold for at a tax foreclosure sale in 2017 and a listing in the Nassau County land records in 2019. In short, there are triable issues of fact that must be addressed to determine whether plaintiff has met his burden to set aside the transfer of the Real Property as a constructively fraudulent transfer under the applicable provisions of the NYDCL, including (i) whether there was inadequate return value

---

[5] Plaintiff seeks to avoid the transfer of the Real Property as constructively fraudulent under NYDCL §§ 273 and 275.

for the transfer and whether debtor conveyed the Real Property in good faith, (ii) what was debtor's financial condition at the time of the transfer and (iii) what was the value of the Real Property at the time of the transfer.

Third, as to plaintiff's claim under NYDCL § 276 that the transfer of the Real Property must be avoided because it was made by debtor with actual intent to hinder, delay or defraud his creditors, the focus, as noted above, is on the intent of the debtor, as transferor, and not the intent of defendant, as transferee. *HBE Leasing*, 61 F.3d at 1059 n.5. Here, defendant's lone argument in support of her request for summary judgment on plaintiff's claim that the transfer must be set aside as a transaction involving actual fraud is that she did not possess the requisite intent. Under established case law, defendant's argument fails. *Id*; *McCombs*, 30 F.3d at 328; *Mendelsohn*, 394 B.R. at 661. She has not, therefore, carried her burden as movant to warrant summary judgment on plaintiff's claim under NYDCL § 276. Defendant will have an opportunity at trial to persuade the Court that debtor lacked the requisite intent to support any claim of actual fraud on the part of debtor.

Fourth, it is well-established that summary judgment is generally inappropriate where issues of knowledge, intent, state of mind, motive, sincerity, conscience, and other subjective feelings are implicated. *Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 16 (2d Cir. 1993); *see also Golden Budha Corp. v. Canadian Land Co. of America, N.V.*, 931 F.2d 196, 201-02 (2d Cir. 1991) ("Ordinarily, the issue of fraudulent intent cannot be resolved on a motion for summary judgment, being a factual question involving the parties' state of mind."); *Patrick v. LeFevre*, 745 F.2d 153, 159 (2d Cir. 1984) (gathering cases); *Shoenbaum v. Firstbrook*, 405 F.2d 215, 218 (2d Cir. 1968) (opining that issues of knowledge, intent and motive require a full trial at which the court may observe the demeanor of witnesses); *New York v. N. Storonske Cooperage Co.*, 174 B.R. 366, 390 (N.D.N.Y. 1994) ("Summary judgment

on a fraud claim of any kind is exceedingly rare due to the intent element, which, is almost always an issue of fact."). A finding of intent largely turns on the court's assessment of a witness's credibility. *Hernandez v. New York*, 500 U.S. 352, 353 (1991); *see also Jeffreys*, 426 F.3d 549, 553-54 ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment."). Because witness credibility is vitally important to assessing mental state, there is a genuine dispute as to a material fact, i.e., debtor's intent, and thus a finding that debtor acted with the requisite intent to set aside the transfer cannot be made at this juncture. On a motion for summary judgment, the Court's job is "not to weigh the evidence or resolve issues of fact." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 254 (2d Cir. 2002).

Similarly, because plaintiff's claim under NYDCL § 276-a requires a finding that the transfer of the Real Property was made by debtor and received by defendant with actual intent to hinder, delay, or defraud creditors, defendant has not carried her burden to warrant granting summary judgment dismissing this claim. Again, the issue of intent is more aptly decided at trial.

C.  Unjust Enrichment Claim

Plaintiff also asserted a claim for unjust enrichment. "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish: (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (internal quotations omitted); *see also Marini v. Adamo*, 12 F. Supp. 3d 549, 552 (E.D.N.Y. 2014). "An indispensable ingredient of [an unjust enrichment] claim is that as between the two parties involved there must be an injustice." *Songbird Jet Ltd. v. Amax Inc.*, 581 F. Supp. 912, 926 (S.D.N.Y. 1984) (citing *Indyk v. Habib Bank Ltd.*, 694 F.2d 54, 57 (2d Cir. 1982)). "The essence of such a claim is that one party has

received money or a benefit at the expense of another." *Kaye*, 202 F.3d at 616 (internal quotations omitted). "The essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Paramount Film Distrib. Corp. v. New York*, 30 N.Y.2d 415, 421, 334 N.Y.S.2d 388, 285 N.E.2d 695 (N.Y. 1972). "As long as the transferor received a benefit . . . the transferee is not liable on an unjust enrichment claim." *Geltzer v. Xaverian High School (In re Akanmu)*, 502 B.R. 124, 138 (Bankr. E.D.N.Y. 2013).

Here, plaintiff alleges that defendant was unjustly enriched by the transfer because debtor did not receive fair consideration in exchange for the transfer and thus did not derive a benefit. Defendant counters by advancing a single theory in support of her request to dismiss plaintiff's unjust enrichment claim, i.e., the Real Property had negative equity because it was encumbered by a judgment lien of approximately $434,000, in need of extensive repairs, and ultimately sold at a tax foreclosure sale for $76,000, and thus she did not benefit from the transfer.

There is nothing in the summary judgment record to support a finding as to whether the transfer of the Real Property did or did not result in a benefit to defendant at the expense of debtor. The extent to which defendant benefited, if at all, is a factual issue, and is therefore more aptly decided at trial. Accordingly, the Court must also deny defendant's request for summary judgment on this cause of action.

D.  Turnover and Recovery of the Value of the Real Property

While plaintiff also separately alleged a claim for turnover of estate property pursuant to § 542 and a claim for recovery of the value of the Real Property under § 550, the Court notes that these claims were not directly addressed by defendant in her summary judgment motion and will not, therefore, be addressed by the Court. Defendant will have an opportunity

at trial to persuade the Court that plaintiff's turnover count fails and that the Real Property did not have the value as ascribed by plaintiff.

CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is denied in its entirety. The Court shall enter a separate order scheduling a pretrial conference.

So ordered.



**Dated: January 3, 2022**
       **Central Islip, New York**

                                          **Louis A. Scarcella**
                          **United States Bankruptcy Judge**